UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH WASHINGTON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VIOLET RADOSTA, MICHELLE LEAVITT, STEVEN WOLFSON,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-00612-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Civil Rights Complaint filed under 42 U.S.C. § 1983. ECF No. 1-1.  Also pending is a Motion for Appointment of Counsel.  ECF No. 3.

To commence a case in federal Court Plaintiff must either pay the $405 filing fee for a civil action or file an application to proceed *in forma* pauperis ("IFP").  Here, Plaintiff did neither.  Despite failing to pay the filing fee or submit an IFP application, the Court screens Plaintiff's Complaint as he asserts claims against three individuals all of whom are immune from suit based on the allegations made.  Thus, requiring Plaintiff to pay the filing fee or submit an IFP application to support his current Complaint would be a futile endeavor.

**I.    Screening Standard**

A court may dismiss a complaint if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.[1]  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[2] When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.[3]  The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff

---

[1] 28 U.S.C. § 1915(e)(2).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[3] *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

can prove no set of facts in support of his claim which would entitle him to relief."[4] Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.[5]

## II. Analysis of Plaintiff's Complaint

Plaintiff states he is suing Public Defender Violet Radosta, Clark County District Court Judge Michelle Leavitt ("Judge Leavitt"), and District Attorney Steven Wolfson. ECF No. 1-1 at 1-2. Each of these individuals is immune from suit.

Public Defender Violet Radosta is immune from suit because "for the purposes of § 1983, public defenders are private individuals who do not act under the color of state law when representing criminal defendants."[6] That said, a public defender may be sued under § 1983 if he or she commits intentional misconduct, such as conspiring with a state actor.[7] Plaintiff alleges Public Defender Violet Radosta conspired with other Defendants—who are not state actors—and therefore fails to allege a necessary element that could transform Ms. Radosta into a state actor.[8] Finally, Plaintiff does not articulate how "Defendant's conduct fell outside the traditional functions of a public defender," thus failing to assert that Defendant acted under color of state law for the purposes of § 1983 liability.[9] Plaintiff's allegations regarding Ms. Radosta's representation during his criminal trial suggest he believes he received ineffective assistance of counsel, which is a claim that must be brought in a habeas corpus petition not under 42 U.S.C. § 1983.[10]

Plaintiff's claims against Judge Leavitt fail because all allegations in the Complaint pertain to judicial acts taken during Plaintiff's criminal proceedings. ECF No. 1-1 at 3-5. "Judges are

---

[4] *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).
[5] *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).
[6] *Cohan v. Glasgau*, Case No. 2:21-CV-01171-GMN-NJK, 2021 WL 3723161, at *2 (D. Nev. Aug. 20, 2021) citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).
[7] *Id.* citing *Stringer v. Woolsey,* Case No. 2:10-CV-00048 KJD-PAL, 2010 WL 4386963, at *6 n. 1 (D. Nev. Sept. 21, 2010), *report and recommendation adopted*, Case No. 2:10-CV-00048-KJD, 2010 WL 4392546 (D. Nev. Oct. 29, 2010), *aff'd*, 495 Fed.Appx. 838 (9th Cir. 2012).
[8] *Stringer*, 2010 WL 4386963, at *6.
[9] *Bernard-Ex v. Molinar*, Case No. 2:21-CV-00704-APG-NJK, 2021 WL 4055479, at *2 (D. Nev. June 8, 2021).
[10] *Peters v. Imlay*, Case No. 20-cv-01488-GMN-EJY, 2020 WL 13902282, at *1 (D. Nev. Sept. 9, 2020).

absolutely immune from damages actions" when those actions are taken "within the jurisdiction of their courts."[11]

Finally, Plaintiff's allegations against District Attorney Steve Wolfson are futile because "[p]rosecutors are absolutely immune from civil suits for damages under section 1983 that challenge activities related to the initiation and presentation of criminal prosecutions."[12] Plaintiff's allegations against Mr. Wolfson arise from the prosecution of Plaintiff's criminal case (ECF No. 1-1 at 3-5), and therefore falls within conduct covered by prosecutorial immunity.

### III.   Order

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court **must** send Plaintiff the approved form application to proceed *in forma pauperis* for inmate along with the information and instructions for filing the same.

IT IS FURTHER ORDERED that on or before **May 29, 2024**, Plaintiff must either pay the $405 filing fee for a civil action or file with the Court: (1) a complete **Application to Proceed *in Forma Pauperis* for Inmate** on the Court's approved form; (2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice, but with leave to amend.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint, if he so chooses, that complies with LSR 2-1. Plaintiff is advised not to repeat claims asserted against immune defendants as discussed above. Plaintiff's amended complaint must be complete in and of itself. It must contain all the facts on which he bases his claims and must identify the constitutional wrongs engaged in by the Defendants identified. The Court cannot refer to Plaintiff's original Complaint when it screens Plaintiff's amended complaint. If Plaintiff chooses to file an amended complaint, he must do so no later than **May 29, 2024**.

---

[11] *Knight v. Las Vegas Det. Ctr.*, Case No. 2:08-CV-00308-RCJ-GWF, 2009 WL 3075359, at *3 (D. Nev. Sept. 22, 2009), *citing Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988); *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976).

[12] *Id*.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff the form and instructions for completing and filing a Civil Rights Complaint.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this Order on or before **May 29, 2024**, the Court will recommend this action be dismissed without prejudice in its entirety. A dismissal without prejudice allows Plaintiff to file his case with the Court, under a new case number, when he is able to comply with LSR 2-1 and file a complete application to proceed *in forma pauperis* or pay the required filing fee.

IT IS FURTHER ORDERED that the Motion for Appointment of Counsel (ECF No. 3) is DENIED without prejudice as premature.

DATED this 4th day of April, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE