UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSEPH WASHINGTON,

      Plaintiff,

  v.

VIOLET RADOSTA, MICHELLE LEAVITT, STEVEN WOLFSON,

      Defendants.

Case No. 2:24-cv-00612-RFB-EJY

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's First Amended Civil Rights Complaint by an Inmate. ECF No. 12. Plaintiff was granted *in forma pauper* status on May 8, 2024. ECF No. 10.

## I.    THE SCREENING STANDARD

Upon granting an application to proceed in forma pauperis, courts screen the complaint under 28 U.S.C. § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pleaded complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft*

1

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id*. at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).  Nonetheless, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  *See also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

## II.    DISCUSSION

The United States Supreme Court holds that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  *Heck* stands for the rule that, if a criminal conviction stands and is fundamentally inconsistent with the unlawful behavior for which a § 1983 claim and damages are sought, the § 1983 action must be dismissed.  *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam).  In determining whether a § 1983 claim is barred by Heck, the critical question is whether a finding in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence.  *See, e.g.*, *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011).

Plaintiff's claims repeatedly allege that he was tricked into pleading guilty to state crimes despite state law requirement that the prosecution prove the elements of the crimes, which Plaintiff says is impossible to do in his case.  ECF No. 12 at 3 and incorporated in each cause of action. *Id*. at 4-5.  While Plaintiff does not expressly attack his conviction, each of his three causes of action repeats that his conviction was unlawful and cannot stand.  *Id*. at 2-5.  Plaintiff presents no other

arguments in his Amended Complaint. *Id.* Case law is clear that the "*Heck* rule … bars a person from bringing an action that—even if it does not directly challenge the conviction—would imply that the conviction was invalid." *McConico, v. Day*, Case No. CIV S1051026DFLCMKP, 2005 WL 1365125 at *1 (E.D. Cal. June 2, 2005) (citing *Heck*, 512 U.S. 477). Suits challenging the validity of a prisoner's continued incarceration lie within "the heart of habeas corpus," while a § 1983 claim is the proper remedy for a prisoner who is challenging the conditions of his confinement, but not the fact or length of his stay. *Preiser v. Rodriguez,* 411 U.S. 475, 498-99 (1973).

**III.    Report and Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's First Amended Complaint be dismissed without prejudice, and this matter be closed.

IT IS FURTHER RECOMMENDED that Plaintiff may, if he so chooses, commence a habeas corpus process through 28 U.S.C. § 2254.

Dated this 19th day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).