UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH WASHINGTON, | Case No. 2:24-cv-00612-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| VIOLET RADOSTA, *et al.*, | |
| Defendants. | |

Before the Court for consideration is the Report and Recommendation of the Honorable Elayna J. Youchah, United States Magistrate Judge, entered on July 19, 2024. See ECF No. 16. For the following reasons, the Court accepts and adopts the Report and Recommendation in full.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Pursuant to Local Rule IB 3-2(a), objections were due by August 2, 2024. On July 26, 2024, Plaintiff filed an objection. See ECF No. 17.

The Magistrate Judge's Report and Recommendation recommends to this Court that Plaintiff's First Amended Complaint be dismissed without prejudice, closing this matter, and recommends to the Plaintiff that he commence a habeas corpus action through 28 U.S.C. § 2254 to litigate his claims. The Court has conducted a *de novo* review of the Report and Recommendation and concurs with the Magistrate Judge's findings, reasoning, and

recommendation on the basis of the Heck doctrine.

In his First Amended Complaint, Plaintiff raises three causes of action against Defendant state actors, alleging that they, individually and in conspiracy with one another, violated his constitutional rights through the coercion of a guilty plea, despite Nevada state law that requires the prosecution prove the elements of his charged crimes, which Plaintiff says is impossible to do in his case. See ECF No. 12 at 3-4. Mr. Washington seeks relief in the form of damages. Id. at 6.

Supreme Court case Heck v. Humphrey, 512 U.S. 477 (1994), is instructive as to the Court's role and limitations in the instant case. Heck states:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87. The Court finds that finding in favor of Plaintiff in this case, *i.e.*, finding that Defendants did coerce Mr. Washington into pleading guilty, would necessarily imply the invalidity of his conviction. In the Plaintiff's timely filed Objection, Mr. Washington asserts that his amended complaint does not challenge the lawfulness of his conviction. However, he provides no argument on this point, and thus, fails to rebut the Magistrate Judge's findings that this Court adopts.

Moreover, Mr. Washington has not made a showing that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487. To the contrary, in his objection, Mr. Washington notes that he has commenced a federal habeas action, Washington v. Bean et al., No. 2:24-cv-00703-GMN-MDC, but judgment in that action has already been entered in favor of

Defendants without a writ being issued. See Washington v. Bean et al., No. 2:24-cv-00703-GMN-MDC, 2024 WL 4544693 (D. Nev. Oct. 21, 2024).

As a result, Heck bars Plaintiff's § 1983 suit at present, and this Court must dismiss Plaintiff's amended complaint accordingly.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 16) is **ACCEPTED** and **ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint is **DISMISSED without prejudice.**

The Clerk of Court is kindly instructed to close this matter.

**DATED:** February 10, 2026.

 

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**